JOSEPH BRUNO, SR., Appellant, v. SAMUEL J. BUTTACH, Defendant, and JOSEPH BAX et al., Respondents.— Judgment affirmed, with costs. All concur. (Appeal from a judgment discharging a mortgage and dismissing plaintiff's complaint.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

## FIRST DEPARTMENT, MAY, 1953.

### (May 4, 1953.)

■

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BRUSSEL, JR., against HELENE B. BRUSSEL.— Motion for leave to appeal to the Court of Appeals denied. Motion for reargument granted and, upon reargument, the order of this court is modified only to allow the children to continue at the Flushing school for the remainder of the present school term. The motion is in all other respects denied and the previous determination of the court adhered to. Settle order on notice. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ. [See ante, p. 247.]

### (May 5, 1953.)

■

ABRAHAM S. KARPER, Respondent, v. ZEPHYR AMERICAN CORPORATION et al., Appellants.— Judgment modified to the extent of making the injunctive provisions thereof more specific, by providing that defendant, Zephyr American Corporation, be required to account only for the gain derived from the misappropriation of the method of manufacture by stamping out the two revolving disks and affixing them to the shaft, and by providing that the referee hear and report to the court on the question of quantum of damages sustained by plaintiff (Civ. Prac. Act, § 467). The evidence does not warrant any broader relief. Section 466 of the Civil Practice Act is inapplicable. Order denying defendant's motion for a new trial affirmed. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ.; Dore, J., dissents in part as follows: I agree with the majority that the present injunction is far too wide and that, if any injunction is made it should be limited as the majority indicates. But in my opinion, the specific parts plaintiff relies on for an injunction and damages appear to be merely a further application to a rotary index of the ancient basic invention of the wheel and axle; and his idea is not novel or original. Even he admits that his article is not in its entirety novel or original. I think, too, that any effort to trace damages or profits specifically to only a part of the device would be speculative. For the reasons stated, I dissent in part and vote to reverse and dismiss the complaint.